OPINION
Defendant-appellant Edward Tracy appeals from the denial of his motions for post-conviction relief. Tracy filed a motion for judicial release and a motion for modification of sentence with the trial court, both of which were denied. We conclude that the trial court did not err in denying the requested relief. Accordingly, the judgment of the trial court is Affirmed.
 I
Edward Tracy was indicted on one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). Following plea negotiations, Tracy pled guilty to one count of Attempted Gross Sexual Imposition involving a seven-year old girl. Tracy was sentenced to eighteen months in prison and placed on post-release control for five years.
Tracy filed a motion for judicial release. The next day, he filed a motion for modification of sentence. In both motions, Tracy argued that his sentence was working a hardship on himself, his wife and his children. He also stated that he was "sorry" for what had occurred and asked for the "mercy" of the court. In support of his motions, Tracy attached a series of letters from family, friends and his children's pediatrician.
The letter from the pediatrician indicates that no signs of abuse were found upon examining Tracy's own children. The pediatrician also stated that Tracy's children had health problems and that they would do better if their father were home with them. The remaining letters essentially speak to Tracy's good character and the bad character of the victim's mother. Several of the letters state that Tracy did not commit the subject offense; however, none of the people writing the letters were present at the time of the offense. Also, some of the letters indicate that Tracy was advised by his lawyer that he could be sentenced to five years if he proceeded to trial and that he should plead guilty in order to avoid a jury trial.
The trial court denied both motions, without conducting an evidentiary hearing. From the denial of his motions, Tracy appeals.
 II
Tracy has failed to set forth an assignment of error in his appellate brief. We will construe his appeal from the trial court's decision denying his motion for judicial release and his motion for modification of sentence as alleging that the trial court erred by denying the requested relief.
In his appellate brief, Tracy alleges ineffective assistance of counsel. Specifically, he contends that his attorney: (1) failed to challenge venue; (2) failed to file a motion to suppress the results of his polygraph test and his confession; (3) failed to seek a preliminary hearing; and (4) did not appear at sentencing. He also contends that he was induced to enter his guilty plea because his attorney lied to him and promised him that he would only be sentenced to six months in prison. Finally, he contends that he was under the influence of "strong medication and oxygen" at the time of sentencing, as a result or which he was not capable of entering a voluntary and knowledgeable plea. We will not consider these issues because they were not raised in Tracy's motion for relief in the trial court. "Factual assertions appearing in a party's [appellate] brief, but not in any papers submitted for consideration to the trial court * * * do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." Akro-Plastics v. Drake Industries (1996),115 Ohio App.3d 221, 225.
We next turn to the merits of Tracy's motions for modification of sentence and judicial release. As previously stated, the only grounds set forth in these motions were Tracy's assertions that his sentence worked a hardship on him and his family because the family members missed each other and because they all had health problems. We find that the mere fact that family members may "miss" an incarcerated person does not constitute grounds for judicial release or modification of sentence. A contrary holding would liberalize the statutory provisions for relief from a sentence following a criminal conviction to an extent that we seriously doubt the General Assembly to have intended. Furthermore, there is no evidence in the record to indicate that the family members are not receiving adequate health care as a consequence of Tracy's incarceration. Therefore, we cannot say that the trial court erred by denying relief on these grounds.
The letters attached to the motion contain allegations that Tracy did not commit the offense. There were also allegations that the victim and her mother were of bad character, and that the mother lied in order to convict Tracy. However, Tracy does not deny that he committed the offense. In fact, he expressly states that he does not challenge his conviction, only the length of his sentence. Therefore, these allegations, which involve only the issue of whether he was correctly convicted, have no relevance to the motions for relief.
The remaining allegations in the letters concern the circumstances surrounding the plea agreement. Some of the letters indicate that Tracy relied on his lawyer's advice in deciding to accept the plea agreement; specifically, they indicate that the lawyer informed Tracy that he could receive a five-year prison term if he went to trial and was convicted. We cannot conclude that this constitutes sufficient grounds for relief. Tracy was originally indicted for Gross Sexual Imposition, a third-degree felony based upon the age of the victim. A conviction on this charge could, in fact, carry a five-year prison term. See, R.C.2929.14(A)(3). We cannot fault an attorney for informing his client of the possible consequences of certain conduct. Indeed, that is a vital part of a defense attorney's duty to his client. Furthermore, it appears that based upon the advice of counsel, Tracy was able to have the charge reduced to a fourth-degree felony with a maximum prison term of eighteen months. Therefore, we can only conclude that by following his attorney's advice, Tracy actually fared better than he might have if convicted by a jury of the greater offense.
Perhaps Tracy is arguing that he was induced to plead guilty to the lesser offense in order to escape the possibility of conviction for the greater offense, so that his plea was, in this sense, coerced. The harsh reality of defending against a criminal charge is that a defendant must consider the risk of being convicted as charged. Consideration of this risk often leads to a plea bargain, as in this case. As long as the prosecution prosecutes the original charge in good faith, there is nothing improper about a plea bargain, which ameliorates the risks to which both parties would be exposed by going to trial upon the original charge.
Based upon the record before us, we cannot say that the trial court erred by denying Tracy's motions. Accordingly, Tracy's Assignment of Error is overruled.
 III
Tracy's Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
James D. Bennett
Edward G. Tracy
Hon. Jeffrey Welbaum